[2012]). Present—Smith, J.P., Peradotto, Carni, Lindley and Martoche, JJ.

■ In the Matter of KERENSA CRUDELE, Formerly Known as KERENSA WELLS, Appellant, v BRIAN WELLS, Respondent. (Appeal No. 1.) [953 NYS2d 179]—

—Smith, J.P., Peradotto, Carni, Lindley and Martoche, JJ.

■ In the Matter of KERENSA CRUDELE, Formerly Known as KERENSA WELLS, Appellant, v BRIAN WELLS, Respondent. (Appeal No. 2.) [952 NYS2d 363]—

Memorandum: Petitioner mother commenced this Family Court Act article 6 proceeding seeking a modification of the custody provisions in the parties' judgment of divorce by awarding her sole custody of the parties' child. Respondent father also filed a petition seeking sole custody and later amended that petition to request an order directing the child to attend school in the Pittsford School District. The father thereafter withdrew that part of the amended petition seeking sole custody. By the order in appeal No. 1, Family Court dismissed the mother's petition (prior order) and, in its decision, stated that, had the father not withdrawn his amended petition, it would have determined that the child should attend Pittsford schools. By the order in appeal No. 2, the court granted the parties' respective motions for leave to reargue with respect to the prior order. Upon reargument, the court noted that the father did not intend to withdraw that part the amended petition seeking a deter-